■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD HAZEL, Appellant. [658 NYS2d 336] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered April 5, 1995, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that there were serious defects in the prosecution's case on the issue of identification is without merit. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Three eyewitnesses for the prosecution testified that the defendant entered a beauty salon with two other men, and stayed at the front door as the two men robbed them of their jewelry and money. All three eyewitnesses noticed that the defendant, a short, stocky, dark-skinned man, kept his hands in his pockets and continuously looked outside the salon. Furthermore, all three witnesses made in-court identifications of the defendant as the man who remained at the front door of the salon during the robbery. Although a fourth eyewitness testified for the defense that the defendant was not the man who guarded the front door of the salon during the robbery, resolution of issues of credibility, as well as the weight to

be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.